**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
  E-Mail: Jon.Kardassakis@lewisbrisbois.com
BRANT H. DVEIRIN, SB# 130621
  E-Mail: Brant.Dveirin@lewisbrisbois.com
DANIELLE E. STIERNA, SB# 317156
  E-Mail: Danielle.Stierna@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant HOUSING
AUTHORITY OF THE CITY OF
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DARCEL HARRIS, by and through T.H., his minor child, and DAPHNE HAYWOOD, individually and on behalf of all others similarly situated, | Case No. 2:23-cv-4339 |
| | Los Angeles Superior Court Case No. 23STCV09791 |
| Plaintiffs, | **[CLASS ACTION]** |
| vs. | **DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION TO FEDERAL COURT** |
| HOUSING AUTHORITY OF THE CITY OF LOS ANGELES, | **DIVERSITY-CAFA** |
| Defendant. | Action Filed in State Court: May 2, 2023 |
| | Trial Date:          None Set |

**PLEASE TAKE NOTICE** that Defendant HOUSING AUTHORITY OF THE CITY OF LOS ANGELES ("HACLA") hereby removes the above captioned action from the Superior Court of the State of California, City of Los Angeles, to the United States District Court for the Central District of California, under 28 U.S.C. §§ 1332, 1441, 1446, 1453. In support of this Notice of Removal, HACLA states as follows:

95559729.2

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1.     On or about May 2, 2023, Plaintiffs DARCEL HARRIS on behalf of his minor child T.H., and DAPHNE HAYWOOD ("Plaintiffs") filed this class action against Defendant by filing a Class Action Complaint ("Complaint") in the Superior Court of the State of California for the County of Los Angeles, Case No. 23STCV09791, a true copy of which is attached hereto as **Exhibit A.** The Complaint asserts four causes of action for (1) negligence; (2) negligence per se; (3) breach of implied contract; and (4) violation of the California Consumer Records Act ("CRA") (Cal. Civ. Code § 1798.80, *et seq.*).

2.     The U.S. Supreme Court affirmed that a defendant need only plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant needs to file in the federal forum a notice of removal only "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. §1446(a)).

3.     As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453 because HACLA has satisfied the venue and procedural requirements for removal, and because this Court has original jurisdiction over this action under 28 U.S.C. § 1332.

# I.   THE REQUIREMENTS OF 28 U.S.C. §§ 1441 AND 1446 ARE MET.

4.     *Timeliness.*  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  Upon information and belief, plaintiff served the Complaint on HACLA on May 4, 2023. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

5.     *Removal to Proper Court.*  The Superior Court of the State of California, for the County of Los Angeles, is located in the Central District of California.  28 U.S.C. § 84(c)(2).  Thus, venue is proper because this is the "district and division embracing the place where such action is pending."  28 U.S.C. §

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1441(a); *see also* 28 U.S.C. § 1446(a).

6.    *Procedural Requirements.*  Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the state court action.  A true and correct copy of the Complaint and all papers served with the Complaint is attached hereto as **Exhibit A**.  As required by 28 U.S.C. § 1446(d), HACLA will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal

7.    No previous application has been made for the relief requested herein.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

8.    This case is subject to removal under the Class Action Fairness Act of 2005.  Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

9.    As set forth below, this is a putative class action in which (1) there are 100 or more members in plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from HACLA; and (3) the aggregate amount in controversy exceeds $5,000,000.  Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(d) and 1453(b).

### A.    Diversity of Citizenship.

10.    At least one member of the proposed class is a citizen of a state different from HACLA.  28 U.S.C. § 1332(d)(2)(A).

11.    Plaintiffs allege HACLA is a "state-chartered agency" with its principal place of business in Los Angeles.  Comp. ¶ 9.

12.    Plaintiffs bring this suit on behalf of themselves and a putative nationwide class of "[a]ll persons whose PII/PHI was compromised in or as a result of the Data Breach that was discovered by Defendant on or around December 31, 2022."  Comp. ¶ 44.  Plaintiffs allege they reside in Los Angeles and are citizens of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  California.  *Id.* ¶¶ 7-8.  Plaintiffs allege HACLA "provides affordable housing to

2  low-income individuals and families in Los Angeles, California. It also provides job

3  training and education to eligible families." *Id.* ¶ 9.

4         13.     Unlike other diversity jurisdiction cases, "no anti-removal presumption

5  attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*,

6  574 U.S. 81, 89 (2014).

7         14.     Plaintiffs do not limit their putative nationwide class definition to

8  California citizens or allege HACLA only offers its services to California citizens.

9         15.     At least one putative class member is a citizen of a state other than

10  California.

11         16.     The diversity of citizenship between "any member of the class" and

12  HACLA satisfies the minimal diversity requirement under CAFA.  28 U.S.C. §

13  1332(d)(2)(A).

14       **B.**     **CLASS ACTION CONSISTING OF MORE THAN 100 MEMBERS.**

15         17.     As mentioned above, plaintiffs purport to represent a nationwide class

16  of individuals.  Comp. ¶ 44.

17         18.     Plaintiffs allege upon information and belief that over 105,000

18  individuals were affected by the data security incident.  Comp. ¶ 4.

19         19.     There are more than 100 members of the alleged putative class.

20         20.     Based on the above, the aggregate number of members in plaintiffs'

21  proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

22       **C.**     **The Amount-In-Controversy Requirement Is Satisfied.**

23         21.     HACLA disputes that the proposed class could ever be certified or that

24  HACLA is liable for the claims plaintiffs assert in the Complaint.

25         22.     The aggregate amount-in-controversy, exclusive of interest and costs,

26  exceeds the $5,000,000 jurisdictional minimum under CAFA.  *See* 28 U.S.C. §§

27  1332(d)(2), 1332(d)(6).  While plaintiffs do not plead a specific amount of damages

28  in the Complaint (and in the case of any injunctive relief, the cost for compliance

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

with the requested injunction), for the reasons set forth below, the aggregate amount-in-controversy here exceeds $5,000,000. *Dart Cherokee*, 135 S. Ct. at 551 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (citing 28 U.S.C. § 1446(c)(2)(A)).

23.    Plaintiffs seek, in relevant part, the following relief on behalf of the putative class:

- "economic damages and other injury and actual harm…" (Comp. ¶ 64)
- "damages, including compensatory and nominal damages," (Comp. ¶ 83)
- "losses and damages" for *inter alia* "out-of-pocket expenses…" and "actual or attempted fraud," (Comp. ¶ 91)
- "lost money or property…," and "compensatory damages as well as injunctive relief…" (Comp. ¶ 86)
- "permanent injunctive relief…" (Comp. page 21 ¶ B)
- "compensatory, consequential, general, and nominal damages in an amount to be proven at trial," (Comp. page 21 ¶ C)
- "costs of suit" (Comp. page 22 ¶ E)
- "reasonable attorneys' fees" (Comp. page 22 ¶ F)
- "pre- and post-judgment interest at the maximum legal rate," and (Comp. page 22 ¶ G)
- "such other relief as the Court deems just and proper." (Comp. page 22 ¶ H).

24.    **Actual Damages or Restitution.**  Considering plaintiffs have alleged over 105,000 individuals were affected by the data security incident (Comp. ¶ 4), and they allege actual or future identity theft has affected putative class members and thus seek "compensatory, consequential, general, and nominal damages" for the putative class, this amount is likely in excess of $5 million.

25.    Plaintiffs requested relief of at least $10,000.00 in letters sent to HACLA.  Comp., Exs. D, E.  Applying this to the putative class members in excess of 100,000 people easily exceeds the $5 million requirement.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

26.     **Reasonable estimated cost of compliance with the requested injunctive relief.**  The cost of injunctive relief can also count towards the $5 million requirement.  "The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant."  *Anderson v. SeaWorld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1161, 1164 (N.D. Cal. 2015) (citations omitted) (considering the effect of injunctive relief on *future* sales of tickets and revenue as a basis for CAFA amount in controversy requirements). Plaintiffs are not clear on the type of injunctive relief they would request, but the cost for HACLA to comply with any such ordered relief would likely not be de minimis.

27.     **Attorneys' Fees.**  Plaintiff also seeks attorneys' fees under Cal. Civ. Pro. Code § 1021.5, and costs.  Comp. page 22 ¶¶ E-F.  The Ninth Circuit held "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). California Code of Civil Procedure § 1021.5 authorizes attorneys' fees if the public receives a benefit from the case.  Again, while HACLA vehemently opposes wrongdoing or liability as alleged by plaintiffs, plaintiffs are pursuing this case as a putative class action because they believe the public, and not just themselves, are affected by and will receive a benefit from this case if they prevail.  Accordingly, attorneys' fees may be included in calculating the amount in controversy, which further increases the amount.

Based on the forgoing, HACLA respectfully requests removal of this action from the Superior Court of the State of California for the County of Los Angeles to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

95559729.2

6

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION TO FEDERAL COURT

1

DATED:  June 2, 2023

JON P. KARDASSAKIS
BRANT H. DVEIRIN
DANIELLE E. STIERNA
LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3

4

5

6

By:   /s/ Danielle E. Stierna

DANIELLE E. STIERNA
Attorneys for Defendant HOUSING
AUTHORITY OF THE CITY OF LOS
ANGELES

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

95559729.2

7

1

**FEDERAL COURT PROOF OF SERVICE**
*Darcel Harris, et al. v. Housing Authority of the City of Los Angeles*
2                 Los Angeles Superior Court Case No. 23STCV09791

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4         At the time of service, I was over 18 years of age and not a party to the action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in 5   the office of a member of the bar of this Court at whose direction the service was made.

6         On June 2, 2023, I served the following document(s):

7       **DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION TO FEDERAL COURT**

8

9         I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

10   **KOPELOWITZ OSTROW P.A.**        ***Counsel for Plaintiffs and the Proposed Class***
Kristen Lake Cardoso (CA Bar No. 338762)  ***DARCEL HARRIS***
11   cardoso@kolawyers.com
Steven Sukert (pro hac vice forthcoming)
12   sukert@kolawyers.com
Jeff Ostrow (pro hac vice forthcoming)
13   ostrow@kolawyers.com
One West Las Olas, Suite 500
14   Fort Lauderdale, FL 33301
Telephone: (954) 525-4100

15

16         The documents were served by the following means:

17   ☒    (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package 18        with the U.S. Postal Service, with the postage fully prepaid.

19   ☐    (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification 20        of that filing to the persons listed above.

21         I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
22

23         Executed on June 2, 2023, at Los Angeles, California.

24

25                            ***/s/ Farnaz Moradpour***
                             Farnaz Moradpour

26

27

28

95559729.2

1

PROOF OF SERVICE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW