**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARCEL HARRIS, by and through him, T.H., his minor child, and DAPHNE HAYWOOD, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>HOUSING AUTHORITY OF THE CITY OF LOS ANGELES,<br><br>　　　　　　　　　Defendant. | Case No. 2:23-cv-04339-SPG-JPR<br><br>**ORDER RE: PLAINTIFFS' MOTION TO REMAND AND ALTERNATIVE MOTION FOR JURISDICTIONAL DISCOVERY [ECF NO. 19]** |

Before the Court is Plaintiffs Darcel Harris, by and through T.H., his minor child, and Daphne Haywood's motion to remand. (ECF No. 19). Defendant Housing Authority of the City of Los Angeles opposes. (ECF No. 23). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds this matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15. For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion to Remand without prejudice and **GRANTS** Plaintiffs' motion for jurisdictional discovery.

## I. BACKGROUND

On December 31, 2022, Defendant discovered it was the victim of a ransomware attack. (ECF No. 1-1 ("Compl.") ¶¶ 3, 23, 27). On or around March 10, 2023, Plaintiffs received notification letters from Defendant about the data security incident. (Id. ¶ 10). Plaintiffs allege that, during a year-long data breach of HACLA's computer system, hackers gained unauthorized access to the private identifying information ("PII"), including full names, social security numbers, dates of birth, and financial account numbers, of Plaintiff and other individuals who receive Defendant's housing services. (Id. ¶¶ 2–3).

On May 2, 2023, Plaintiffs filed a class action complaint in the Los Angeles County Superior Court.[1] Plaintiffs allege that all parties are citizens of California. (Id. ¶¶ 6–9). Plaintiffs' proposed class definition includes "All persons whose PII/PHI was compromised in or as a result of the Data Breach that was discovered by Defendant on or around December 31, 2022." (Id. ¶ 44). On June 12, 2023, counsel for Plaintiffs requested by email the states of the mailing addresses of the Class members. See (ECF No. 20-1, Ex. 1). On June 13, 2023, counsel for Defendant replied by email that the request "is not reasonably calculated to address a jurisdictional issue." (Id., Ex. 2).

On June 30, 2023, Plaintiffs filed the present Motion requesting the case be remanded back to the Los Angeles County Superior Court or, alternatively, that the Court compel Defendant to produce jurisdictional discovery. (ECF No. 19 ("Mot.")). Defendant opposed on July 19, 2023, (ECF No. 23 ("Opp.")), and Plaintiffs replied on July 26, 2023. (ECF No. 24).

## II. LEGAL STANDARD

A civil action brought in state court may be removed by a defendant to the district court if, at the time of removal, the case is one over which the district court has original

---

[1] Various other plaintiffs have brought five other related putative class actions as a result of Defendant's data breach. See 2:23-cv-03826-SPG-JPR; 2:23-cv-04614-SPG-JPR; 2:23-cv-05456-SPG-JPR; 2:23-cv-05001-SPG-JPR; 2:23-cv-05206-SPG-JPR.

jurisdiction. 28 U.S.C. § 1441(a). CAFA jurisdiction requires that the case is a class action involving: (1) minimal diversity, or in other words, that any member of the class is a citizen of a state different from any defendant; (2) at least 100 putative members; and (3) over $5,000,000 in controversy exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). Despite these requirements, Congress also provided exceptions to CAFA jurisdiction, which requires the district court to decline to exercise jurisdiction. 28 U.S.C. § 1332(d)(4); *see King v. Great American Chicken Corp., Inc.*, 903 F.3d 875, 878 (9th Cir. 2018) ("The statute includes a number of exceptions that require a federal district court to decline jurisdiction even if the above requirements were met."). The purpose of the exceptions are to allow truly intrastate class actions to be heard in state court. *Adams v. W. Marine Prods., In*c., 958 F.3d 1216, 1220 (9th Cir. 2020).

"[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021–22 (9th Cir. 2007). "To meet this burden, the moving party must provide 'some facts in evidence from which the district court may make findings regarding class members' citizenship.'" *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (quoting *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013)). "A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." *Mondragon*, 736 F.3d at 884. "Although such a finding must be based on more than mere 'guesswork,' [the Ninth Circuit has] repeatedly cautioned that the burden of proof on a plaintiff 'should not be exceptionally difficult to bear.'" *Adams*, 958 F.3d at 1221 (internal citations omitted) (quoting *Mondragon*, 736 F.3d at 884, 886).

### III. DISCUSSION

#### A. Home State Exception

Plaintiffs argue the home state exception to CAFA jurisdiction requires remand.[2] The home state exception provides two bases for remand—one that is mandatory and

---

[2] Plaintiffs do not dispute that minimal jurisdiction under CAFA is met.

another that is within the district court's discretion. *Adams*, 958 F.3d at 1220. Under the mandatory home state exception, the district court must decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Under the discretionary home state exception, the district court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction when more than one-third of the putative class, and the primary defendants, are citizens of the state where the action was originally filed." 28 U.S.C. § 1332(d)(3). There are six factors for the district court to consider when deciding whether to decline jurisdiction under the discretionary home state exception. 28 U.S.C. § 1332(d)(3)(A)–(F).

Plaintiffs argue it is more likely than not that at least two-thirds of the putative class are citizens of California. (Mot. at 3). Plaintiffs further argue that, even if less than two-thirds of the putative class are not California citizens, it would be "highly unlikely" that less than one-third of the individuals are not California citizens such that the discretionary exception should apply. (*Id.* at 8–9). However, Plaintiffs have not pointed to any facts in evidence from which the Court can determine the class members' citizenship. The alleged class definition includes "All persons whose PII/PHI was compromised in or as a result of the Data Breach that was discovered by Defendant on or around December 31, 2022." (Compl. ¶ 44). Although Plaintiffs' proposed class definition is not restricted to California citizens, Plaintiffs contend that the class members logically include only California citizens because the putative class members were applying for and/or received housing in California because they intended to remain there permanently or indefinitely. The Court agrees that it seems more likely than not that more than one-third—and perhaps the vast majority—of such class members are citizens of California, given the nature of the putative class action. However, the Court "cannot find that an exception applies without evidence of class members' citizenship." *Spargifiore v. Panda Rest. Grp., Inc.*, No. 20-CV-09837-AB-MRW, 2021 WL 405815, at *1 (C.D. Cal. Feb. 4, 2021) (granting jurisdictional discovery to determine applicability of home state exception). Thus, based on the present

record, the Court finds that Plaintiffs have not shown that either the mandatory or discretionary home state exception applies.

### B. Jurisdictional Discovery

"Discovery is available in federal court to establish the presence of personal jurisdiction in that court." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001) (citations omitted). Jurisdictional discovery is particularly appropriate "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864 (9th Cir. 2022) (internal quotation marks omitted). "But a mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *Id.* (internal citations and quotations omitted).

Plaintiffs seek jurisdictional discovery to determine whether the home state exception applies. Plaintiffs assert that the most probative information regarding the citizenship of the prospective class members, is uniquely within Defendant's possession. (Mot. at 7). Specifically, Plaintiffs point to mailing addresses from letters Defendant sent on May 10, 2023, regarding the data breach. (Mot. at 7). Defendant responds that the mailing addresses would not be probative of the class members' citizenship. (Opp. at 15). This Court disagrees. Several courts have previously found that last known mailing addresses—though not dispositive—are at least probative of class members' citizenship for diversity purposes.

In *Adams*, the plaintiff provided evidence that more than 90% of class members had last known mailing addresses in California. 958 F.3d at 1222–23. The Ninth Circuit held the evidence was more than a "narrow cushion" but instead represented a "percentage far greater than the one-third (or roughly, 33%) required for remand." *Id.* at 1223 (citing *King*, 903 F.3d at 879–80 (remanding where a stipulation provided only a "narrow cushion" that the putative class members were domiciled in a home state)). The court recognized the "last known mailing addresses are not a direct proxy for residence, and residence is not a

direct proxy for citizenship," and that "[s]ome of the verified California addresses probably belong to people who are not California citizens, or even citizens of the United States." *Id.* Nonetheless, "given the substantial cushion afforded by the percentage of class members with last known California addresses, as compared to the percentage of class member citizens required for a discretionary remand," the Ninth Circuit held that the plaintiff "readily met her burden." *Id.*

Here, it is not unlikely that discovery will reveal a similarly "substantial cushion" such that the Court can determine whether either the mandatory or discretionary home state exception applies. If, for example, 95% of the mailing addresses are in California, the Mandatory Exception would almost certainly apply under the preponderance of the evidence standard, and the Court would decline jurisdiction over this case. *See In re Scripps Health Data Sec. Breach Litig.*, 581 F. Supp. 3d 1225, 1231 (S.D. Cal. 2022) ("While addresses are not the same as domicile, it constitutes some evidence of domicile, which is all that is needed for the Court to make a finding regarding the CAFA exception."); *Spargifiore*, 2021 WL 405815, at *1 (noting that it "appears likely" that a CAFA home state exception applies but ordering more discovery to be able to make a factual determination); *Navarro v. Ski Data, Inc.*, No. 2:20-CV-07370-SVW-SK, 2021 WL 1312579, at *1 (C.D. Cal. Apr. 7, 2021) (analyzing whether the plaintiffs had satisfied the home state exception after allowing plaintiffs jurisdictional discovery); *Tapia v. Panda Express, LLC*, No. CV-162323-DSF-RAOX, 2016 WL 10987316, at *1 (C.D. Cal. June 7, 2016) (ordering jurisdictional discovery of the plaintiffs' last known addresses). Similarly, Defendant acknowledges that they have readily available data of last known addresses for the putative class members. *See* (ECF No. 20-1, Ex. 2); *Cf. Hicks v. Grimmway Enters., Inc.*, No. 22-CV-2038 JLS (DDL), 2023 WL 3319362, at *14 (S.D. Cal. May 9, 2023) (finding jurisdictional discovery futile because the defendant did not collect any pertinent information about its consumers). Thus, the Court GRANTS Plaintiffs' alternative request for jurisdictional discovery.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand without prejudice to Plaintiffs renewing the motion based on facts uncovered during discovery. The Court further **ORDERS** that Plaintiffs shall be entitled to conduct limited jurisdictional discovery for 60 days regarding the citizenship of the putative class only.

If Defendant does not stipulate to remand and the Court ultimately finds that a mandatory exception applies, the Court will consider whether to award Plaintiffs their fees for the cost of remanding the case. Such fees may include the cost of acquiring and reviewing the class member information that Defendant has been ordered to provide.

**IT IS SO ORDERED**.

DATED: August 11, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE